No. 65,215
No. 65,287

IN THE MATTER OF RICHARD H. EBERSOLE, *Respondent.*

(801 P.2d 1323)

Opinion filed December 7, 1990.

*Stanton A. Hazlett,* deputy disciplinary administrator, argued the cause and *Bruce E. Miller,* disciplinary administrator, was with him on the formal complaint.

*Richard H. Ebersole* appeared pro se.

*Per Curiam:* These are original proceedings in discipline filed by the disciplinary administrator against Richard H. Ebersole of Mulvane, an attorney admitted to practice law in Kansas. The facts, as determined by the hearing panel of the Kansas Board for Discipline of Attorneys, are not disputed.

Respondent drafted a will for Blendena Willison. The will appointed respondent executor. Blendena Willison died May 9, 1988, and respondent commenced probate proceedings in Sedgwick County. He was appointed executor pursuant to the terms of the will on May 19, 1988. In a meeting with the heirs of Willison, it was agreed respondent would act as executor and attorney for a fee of $1,000.

The decedent had made loans to some of her grandchildren. The will referred to the loans and mentioned that they were not to be forgiven. Respondent made no attempt to ascertain the amount of the loans or to whom they were made, nor did he inventory them or make any attempt to collect them. Respondent relied upon the statement of Sidney Colliatie, one of the heirs, that the grandchildren had all agreed among themselves that the amount of the unpaid loans should not be considered a part of the estate. Nevertheless, respondent prepared no family settlement agreement reflecting the grandchildren's action, nor did he discuss it with other heirs.

The estate inventory was not filed until February 10, 1989, but prior thereto respondent distributed the bulk of the estate assets to the heirs. The distribution was made prior to filing the

inventory and prior to filing proof of notice to creditors. In addition, there was no court order for partial distribution, notwithstanding the fact that the estate was a supervised estate under Kansas law.

A complaint was filed with the disciplinary administrator on December 16, 1988, against respondent by Sherrie L. Myers, one of the heirs. A petition for removal of respondent as executor was filed on December 16, 1988. Respondent then filed the estate inventory and published notice to creditors, after which complainant dismissed her petition to remove respondent as executor.

On the date of hearing, the respondent had failed to file an inheritance tax return in the estate or close the estate.

The panel found the respondent violated DR 6-101(A)(3) (1990 Kan. Ct. R. Annot. 188) and MRPC 1.3 (1990 Kan. Ct. R. Annot. 219) in failing to handle a legal matter entrusted to him with diligence and promptness and in neglecting the matter. The panel found respondent's conduct also violated DR 1-102(A)(5) and (6) (1990 Kan. Ct. R. Annot. 165) and MRPC 1.4(a) (1990 Kan. Ct. R. Annot. 220), DR 7-101(A)(2) (1990 Kan. Ct. R. Annot. 193), MRPC 3.2 (1990 Kan. Ct. R. Annot. 258), and MRPC 8.4(d) (1990 Kan. Ct. R. Annot. 290).

A second complaint against respondent was filed with the disciplinary administrator by Ron Morris, which we consider with the foregoing one. The facts are not in dispute and were found as follows by the panel.

In December of 1988, Morris retained respondent to evict Arthur D. Younkin and Sandi Younkin from his rental property. Respondent failed to file the required action but indicated to Morris it had been filed. Morris checked the courthouse records and found he had been misled. The complaint followed.

The panel found the respondent violated MRPC 1.3 in that he did not act with reasonable diligence and promptness; that he violated MRPC 1.4 in not keeping his client reasonably informed and misinforming his client; that he violated MRPC 3.2 in not making reasonable efforts to expedite Morris' litigation; and that he violated MRPC 8.4(c) and (g) (1990 Kan. Ct. R. Annot. 290) in that his conduct was deceitful, misrepresented the facts, and reflects adversely on his fitness to practice law.

The panel recommended that respondent pay Ron Morris $1,300 in lost rent and $60 in court costs as a result of his failure to file the requested lawsuit, and that respondent be publicly censured.

Respondent urges health problems in mitigation.

After a careful review of the record and the oral argument, we adopt the panel's findings, conclusions, and recommendations.

IT IS THEREFORE ORDERED that Richard H. Ebersole be and he is hereby publicly censured for his previously enumerated violations of professional conduct.

IT IS FURTHER ORDERED that respondent pay Ron Morris the sum of $1,360 as previously set out.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this order be published in the official Kansas Reports.